# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
June 26, 2012 Session

## STATE OF TENNESSEE v. KENNETH EDWARD WATTS

**Appeal from the Criminal Court for Knox County**
**No. 89194      Bob R. McGee, Judge**

---

**No. E2012-00004-CCA-R3-CD - Filed September 27, 2012**

---

A Knox County Criminal Court jury convicted the defendant, Kenneth Edward Watts, of vandalism of property valued at $1,000 or more but less than $10,000 and attempted theft of property valued at $1,000 or more but less than $10,000. On appeal, the defendant challenges the sufficiency of the evidence to support his conviction for attempted theft of property. We determine that sufficient evidence exists to support the defendant's conviction of attempted theft of property valued at $1,000 or more but less than $10,000 and affirm that judgment. We conclude, however, that the trial court's order concerning the vandalism count is inconsistent with the trial court's ruling at the motion for new trial hearing. Therefore, we remand as to that count for entry of a corrected order properly effectuating the intent of the trial court.

**Tenn. R. App. P. 3; Judgments of the Criminal Court Affirmed in Part; Reversed and Remanded in Part**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which NORMA MCGEE OGLE and D. KELLY THOMAS, JR., JJ., joined.

Joshua Hedrick, Knoxville, Tennessee, for the appellant, Kenneth Edward Watts.

Robert E. Cooper, Jr., Attorney General and Reporter; Lacy Wilber, Assistant Attorney General; Randall E. Nichols, District Attorney General; and Eric Counts, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On October 4, 2007, William Elliott saw a car enter his neighbor's driveway. He observed two men, one wearing a white shirt and the other wearing a "dark colored" shirt, later identified as the defendant and Brian Greene. The two men inspected the neighbor's

heating and air conditioning unit and then left. Approximately one and one-half hours later, Mr. Elliott saw the men return via a nearby wooded area and enter the same neighbor's yard. Mr. Elliott telephoned another neighbor, and he and the neighbor decided to approach the two men "and run them off." Mr. Elliott's neighbor "called the cops" before walking toward the two men. Mr. Elliott testified that, as he approached his neighbor's yard, he heard "the lines [of the air conditioning unit] spewing out where [someone] cut the line." He then observed a man wearing the "dark colored" shirt, later identified as Brian Greene, standing near the air conditioning unit. Mr. Elliott testified that the police soon arrived and arrested the two men at the scene.

On cross-examination, Mr. Elliott reiterated that he saw both men walk toward his neighbor's house, but he admitted that he only saw Mr. Greene near the air conditioning unit when he heard the "spewing" sound.

Knox County Sheriff's Department Detective Steve Webb responded to a patrol call regarding the "attempted theft of metal products and vandalism" of an air conditioning unit. Upon his arrival at the scene, Detective Webb learned that patrol deputies had already taken the defendant and Mr. Greene into custody after finding them walking near a wooded area adjacent to the property. Detective Webb briefly searched the wooded area, where he discovered a cordless drill and a pair of "cutters." The "cutters" were labeled with the name "Brian." Mr. Greene eventually claimed ownership of the tools although both men "flat denied" being together or having any involvement in the incident.

Chris Harb testified that the vandalized property was located at his deceased parents' home and that he was the executor of their estate. He said that neither the defendant nor Mr. Greene had permission to be on the property or to do anything to the air conditioning unit. Mr. Harb further stated that an air conditioning unit costs "at least" $1,000 and that the cost of repairs to this unit was $150.

Following the trial court's denial of the defendant's motion for judgment of acquittal and advice concerning his right to testify, the defendant elected not to testify at trial. He presented, however, the testimony of Brian Greene.

Mr. Greene testified that his girlfriend dropped Mr. Greene and the defendant at a home of one of the defendant's friends on the afternoon of October 4, 2007. He said that when he went outside to smoke a cigarette, he decided to walk down the road. Unknown to the defendant, Mr. Greene carried a "pair of snips and a drill" in his shorts. He testified that as he walked down the road, he "s[aw] an . . . opportunity for money" when he observed "a vacant house and a[n] air conditioner outside." He said that his "intention[] was to steal the coil of the air conditioner unit" and later "[t]urn it in to a scrap[] yard for money."

Mr. Greene testified that as he cut the copper coolant line, the release of pressure made a loud noise that he feared would draw attention to his actions. He then ran into the woods to hide. Soon thereafter, Mr. Greene heard dogs barking and looked out to see the defendant trying to get away from some dogs. He said that the defendant "asked [him] what the F he was doing." When Mr. Greene told the defendant what he had done, the defendant "was not happy" with Mr. Greene. As the men left the wooded area, they were apprehended by the police.

Mr. Greene testified that he had pleaded guilty to the offenses and had paid $200 restitution to Mr. Harb. He maintained that he "vaguely remember[ed]" telling the police that the defendant was not involved in the incident.

Detective Webb testified in rebuttal that Mr. Greene never mentioned anything about the defendant's innocence. He said that both men vehemently denied involvement in the offenses.

With this proof, the jury convicted the defendant of vandalism of property valued at $1,000 or more but less than $10,000 and attempted theft of property valued at $1,000 or more but less than $10,000. The defendant then filed a timely motion for new trial challenging the sufficiency of the evidence to support his convictions.

At the October 7, 2011 motion for new trial hearing, the trial court ruled that the State failed to establish sufficient evidence that the value of the property exceeded $500 with respect to the vandalism count and entered a judgment of acquittal on that count. The court commented

> On the vandalism charge the Motion for New Trial . . . is well taken. . . . [T]he court is convinced now that although vandalism is graded like theft the manner of computation of the value taken is different. . . . [O]nly the damage done to the property is to be considered in vandalism. And that would – I think the repair bill was something like $300.00, so that would make it a misdemeanor.

The trial court then discussed the remedy for this insufficiency and said

> if everybody agrees, I can't make you do this, to simply – for the Court to simply vacate the judgment in the vandalism charge and let the defendant come in and enter a plea of guilty to the misdemeanor charge. If the both of you agree to that then we

can do it that way and it simplifies things. Otherwise, all I can do is deny it as to the theft, grant the Motion for New Trial as to the vandalism charge, and we start that one over.

The parties tentatively agreed to allow the defendant to plead guilty to a misdemeanor vandalism charge in count one, subject to the approval of the defendant, who was not present at the motion for new trial hearing. That notwithstanding, the record reflects that, on November 22, 2011, the trial court entered an order granting a judgment of acquittal on the vandalism count. Three months later, on February 23, 2011, the defendant pleaded guilty to misdemeanor vandalism in count one of the indictment. A February 27, 2011 "corrected judgment" indicates the misdemeanor plea and the imposition of a sentence of 11 months and 29 days.

We recognize that when there is a discrepancy between the transcript and an order contained in the technical record, the transcript controls. In this case, however, the effect of the order – an acquittal – was to dismiss the count in its entirety not simply grant the new trial as to that count. When viewed in that light, the transcript informs the trial court's ruling that the State failed to establish the value of property with respect to a felony vandalism count but did, however, establish misdemeanor vandalism. We observe that, when confronted with the State's failure to prove the felony grade of vandalism, the trial court should have reduced the conviction to the appropriate grade, in this case a misdemeanor, and entered a corrected judgment reflecting that action. It was not necessary to grant the motion for new trial as to that count and return the charge back to a pretrial stage when a plea could be entered. The November 22, 2011 order, however, goes even further in dismissing the count by entering an acquittal – an action that was not ever contemplated by the trial court in its ruling at the motion for new trial hearing. Accordingly, on remand, we direct the trial court to enter a remedial order reflecting the trial court's intent in handling the vandalism count.

We now address the defendant's allegation on appeal that the evidence is insufficient to support his conviction of attempted theft of property valued at $1,000 or more but less than $10,000. He specifically asserts that the State failed to establish that he intended to steal anything more than the copper tubing or radiator parts from the air conditioning unit and that, therefore, the State did not establish value in excess of $1,000. The State argues that the jury rejected Mr. Greene's testimony limiting the attempted theft offense to only the parts of, and not the whole, air conditioning unit and that Mr. Harb's testimony concerning the value of an air conditioning unit sufficiently established a value in excess of $1,000.

We review the defendant's claim of insufficient evidence mindful that our

-4-

standard of review is whether, after considering the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Tenn. R. App. P. 13(e); *Jackson v. Virginia*, 443 U.S. 307, 324 (1979); *State v. Winters*, 137 S.W.3d 641, 654 (Tenn. Crim. App. 2003). This standard applies to findings of guilt based upon direct evidence, circumstantial evidence, or a combination of direct and circumstantial evidence. *State v. Dorantes*, 331 S.W.3d 370, 379 (Tenn. 2011).

When examining the sufficiency of the evidence, this court should neither re-weigh the evidence nor substitute its inferences for those drawn by the trier of fact. *Id.*. Questions concerning the credibility of the witnesses, the weight and value of the evidence, as well as all factual issues raised by the evidence are resolved by the trier of fact. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn. 1978). Significantly, this court must afford the State the strongest legitimate view of the evidence contained in the record as well as all reasonable and legitimate inferences which may be drawn from the evidence. *Id*.

"A person commits theft of property if, with intent to deprive the owner of property, the person knowingly obtains or exercises control over the property without the owner's effective consent." T.C.A. § 39-14-103. Pertinent to our analysis, our Code defines deprive as to "[w]ithhold property from the owner permanently or for such a period of time as to substantially diminish the value or enjoyment of the property to the owner." *Id*. § 39-11-106(a)(8)(A). Pursuant to Code section 39-12-101(a)(3), "[a] person commits criminal attempt who, acting with the kind of culpability otherwise required for the offense [a]cts with intent to complete a course of action or cause a result that would constitute the offense, under the circumstances surrounding the conduct as the person believes them to be, and the conduct constitutes a substantial step toward the commission of the offense."

"The intent to deprive an owner of property may be established by circumstantial evidence." *State v. James W. Griffith*, M2007-02164-CCA-R3-CD, slip op. at 9 (Tenn. Crim. App., Nashville, Sept. 24, 2009) (*citing State v. Scales*, 524 S.W.2d 929, 931 (Tenn. 1975)).

In this case, the indictment alleged that the defendant attempted to steal "wiring, tubing, connectors, heating unit, air conditioner unit" from the vacant residence. In the light most favorable to the State, the evidence showed that the defendant and Mr. Greene drove to the home earlier in the day and examined the air conditioning unit. Approximately one and one-half hours later, the two men returned with a cordless drill and wire snips. Mr. Elliott saw both men enter his neighbor's yard. After following them, Mr. Elliott discovered Mr. Greene standing beside the air conditioning unit near a severed line, releasing the pressure on the unit. Soon thereafter, the police discovered the defendant and Mr. Greene

in a nearby wooded area and arrested them. Detective Webb found the cordless drill and wire snips abandoned in the woods. In our view, the evidence established that the defendant attempted to "withhold [the air conditioning unit] from the owner permanently or for such a period of time as to substantially diminish the value or enjoyment of the [air conditioning unit] to the owner." Mr. Harb testified that the replacement cost of an air conditioning unit exceeded $1,000. Accordingly, sufficient evidence exists to support the defendant's conviction of attempted theft of property valued at $1,000 or more but less than $10,000.

*Conclusion*

Upon finding that insufficient evidence existed concerning the grade of the vandalism offense in count one, the trial court erroneously entered a judgment of acquittal. The trial court's ruling, as evidenced in the transcript, is inconsistent with the entry of the subsequent entry of the judgment of acquittal. Accordingly, we remand as to the vandalism count to allow the entry of a corrected order properly effectuating the trial court's intent in handling the vandalism count. Sufficient evidence exists, however, establishing the defendant's conviction of attempted theft of property valued at $1,000 or more but less than $10,000, and we affirm the trial court's judgment in count two.

_____
JAMES CURWOOD WITT, JR., JUDGE